IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **IRIS CONNEX, LLC,**<br><br>                      Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>                      Defendant. | Case No. 2:15-cv-1922<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Iris Connex, LLC, files this Complaint against Microsoft Corporation, for infringement of United States Patent No. 6,177,950 (the "'950 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff Iris Connex, LLC ("Plaintiff" or "Iris Connex"), is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 211 E. Tyler Street, Suite 600-A, Longview, Texas 75601.

4. Upon information and belief, Defendant Microsoft Corporation ("Defendant") is a Washington corporation with a principal office located at One Microsoft Way, Redmond, Washington 98052.  This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted

business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and/or continue to be sold, offered for sale, and/or used in the Eastern District of Texas.

## VENUE

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district.  In addition, and in the alternative, Defendant has committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,177,950)

7. Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9. Plaintiff is the owner by assignment of the '950 Patent with sole rights to enforce the '950 Patent and sue infringers.  Plaintiff obtained its rights in the '950 Patent by way of an assignment from the original assignee, AVT Audio Visual.  The inventor of the '950 Patent, Garry Robb, is the CEO of AVT Audio Visual.  For many years, AVT Audio Visual has been an operating company in the cellphone technology space, specializing in video and audio compression technology.  *See* AVT Audio Visual's website, at http://www.avt.net/company/index.html.  Generally, AVT Audio Visual's technology is used to conduct real-time video over existing wireless and satellite networks.  AVT Audio Visual contracted with Plaintiff to attempt to license the '950 Patent, and AVT Audio Visual has a financial interest in the proceeds of this case by way of a contract with Plaintiff.

10. A copy of the '950 Patent, titled "Multifunctional Portable Telephone," is attached hereto as Exhibit A.

11. The '950 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

12. The '950 Patent is a prominent, pioneering patent in the field of multifunctional portable telephones, *i.e.*, smartphones, and related devices such as tablets. This is evidenced in part by the extent to which the '950 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '950 Patent has been forward-cited in at least 99 subsequently-issued U.S. patents to date, including patents obtained by such prominent companies as Apple, Blackberry, Bloomberg, Brother, Casio, Ericsson, Fujifilm, Honeywell, Intel, Kyocera, Lucent, Microsoft, Mitsubishi, National Instruments, NEC, Nikon, Nokia, Nortel, Panasonic, Qualcomm, Quanta Computer, Samsung, Sharp, Sony, Texas Instruments. The '950 Patent has also been forward-cited in numerous other published U.S. patent applications. Notwithstanding the fact that the application for the '950 Patent was filed in 1997 and the '950 Patent issued in early 2001, it continues to be relevant today, as evidenced by the fact that the '950 Patent was forward-cited in connection with approximately 14 U.S. patents that issued in 2013, 10 U.S. patents that issued in 2014, and 12 U.S. patents that have issued in 2015 to date.

### (**Direct Infringement**)

13. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '950 Patent, including at least claims 1, 2, 19, 22, 30 and 32, by making, having made, selling, offering for sale, using, and/or importing certain smartphones and/or tablets with a front-facing camera and a rear-facing camera, including without limitation the Lumia 950, Lumia 950 XL, Lumia 950 Dual Sim, Lumia 640 XL, Lumia 735, Lumia 640, and Lumia 535

3

Dual Sim smartphones, and the Lumia 2520, Surface Pro 4, Surface 3, and Surface Pro 3 tablets (the "Accused Instrumentalities").

14. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

15. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT 2
## WILLFUL INFRINGEMENT

16. Plaintiff incorporates paragraphs 1 through 15 herein by reference.

17. The infringement of the '950 Patent by Defendant has been and continues to be willful. Defendant had knowledge of the '950 Patent because the '950 Patent was cited as prior art in connection with the examination of at least three subsequently-issued U.S. patents that were obtained by Defendant (U.S. Patent Nos. 7,458,080, 8,352,961, and 8,839,273, one subsequently-issued U.S. patent that was obtained by Defendant's predecessor, Nokia Mobile Phones (U.S. Patent No. 6,532,035), and two published U.S. patent applications belonging to Defendant (US2002/0116541 and US2008/0120559). In addition, as described in paragraph 12 above, the '950 Patent is a prominent patent in the field of multifunctional portable telephones, *i.e.*, smartphones, and related devices such as tablets, and it has been forward-cited in at least 99 subsequently-issued U.S. patents to date and numerous published U.S. patent applications.

18. After the time Defendant had knowledge of the '950 Patent, it continued to directly infringe the '950 Patent. Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '950 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have bene known to Defendant.

4

19. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendant, its agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 6,177,950 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff enhanced damages as provided under 35 U.S.C. § 284;

e) Declare this an "exceptional case" pursuant to 35 U.S.C. § 285 and award Plaintiff its attorney's fees and any other appropriate relief;

f) Award Plaintiff pre-judgment and post-judgment interest and costs; and

g) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: November 30, 2015 Respectfully submitted,

  /s/ Craig Tadlock
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

***Attorneys for Plaintiff Iris Connex, LLC***